UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

GENET GEBREMICAEL BEHRE,
Petitioner,

v.

CHRISTOPHER LAROSE, Warden Otay Mesa Detention Center, et al.,
Respondents.

Case No.: 26-CV-4135 JAO (BJW)

**ORDER GRANTING IN PART PETITION FOR WRIT OF HABEAS CORPUS**

(ECF No. 1)

Before the Court is Genet Gebremicael Behre's ("Petitioner") Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 (ECF No. 4). Also before the Court is Respondents' Return to the Petition for Writ of Habeas Corpus (ECF No.4), and Petitioner's Traverse (ECF No. 5).

For the following reasons, the Court **GRANTS IN PART** the Petition for a Writ of Habeas Corpus.

**BACKGROUND**

Petitioner is a native and citizen of Ethiopia who entered the United States on February 25, 2026, was detained the next day by the Department of Homeland Security's ("DHS") Immigration and Customs Enforcement ("ICE") division, and has remained in detention since at the Otay Mesa Detention Center. ECF No. 1 ¶¶ 1, 4. Petitioner was

persecuted in Ethiopia, including imprisonment and sexual assault by soldiers, because of the fact she is from the Tigray region. *See id.* ¶ 2. After her apprehension she passed a credible fear interview and applied for Asylum, Withholding of Removal, and relief under the Convention Against Torture. *See id.* ¶ 4. On June 10, 2026, an Immigration Judge granted Petitioner asylum, *see* ECF No. 1-2 at 47, but DHS appealed the decision to the Board of Immigration Appeals ("BIA"), *see* ECF No. 4 at 2. Petitioner remains in custody and has not received a bond hearing. *See* ECF No. 1 ¶ 5.

**LEGAL STANDARD**

A federal prisoner challenging the execution of his or her sentence, rather than the legality of the sentence itself, may file a petition for writ of habeas corpus in the district of his confinement pursuant to 28 U.S.C. § 2241. *See* 28 U.S.C. § 2241(a). The sole judicial body able to review challenges to final orders of deportation, exclusion, or removal is the court of appeals. *See generally* 8 U.S.C. § 1252; *see also Alvarez–Barajas v. Gonzales*, 418 F.3d 1050, 1052 (9th Cir. 2005) (citing REAL ID Act, Pub. L. No. 109-13, 119 Stat. 231, § 106(a)). However, for claims challenging ancillary or collateral issues arising independently from the removal process—for example, a claim of indefinite detention—federal habeas corpus jurisdiction remains in the district court. *Nadarajah v. Gonzales*, 443 F.3d 1069, 1076 (9th Cir. 2006), *abrogated on other grounds by Jennings v. Rodriguez*, 583 U.S. 281 (2018); *Alvarez v. Sessions*, 338 F. Supp. 3d 1042, 1048–49 (N.D. Cal. 2018) (citations omitted).

**DISCUSSION**

Petitioner argues that after the IJ granted her asylum, Respondents no longer have any basis to detain her. *See* ECF No. 1 ¶¶ 47–48. Petitioner essentially contends that—notwithstanding DHS's appeal of the decision—the IJ's grant of asylum bestowed legal status upon Petitioner and that the immigration proceedings are effectively terminated. *See id.* ¶ 54. As such, Petitioner asserts that the Court should order immediate release, *see id.* ¶¶ 54–56, but requests a bond hearing in the alternative, *id.* ¶ 66.

Respondents dispute the finality of the IJ's order, arguing that DHS's appeal renders it non-final. *See* ECF No. 4 at 1–2. According to Respondents, this means that Petitioner remains mandatorily detained pursuant to 8 U.S.C. § 1225(b)(1). *Id.* at 2. Nevertheless, Respondents "acknowledge[] that courts in this District have repeatedly inferred a constitutional right against prolonged mandatory detention," and thus "concede[] that this Court should order that Petitioner receive a bond hearing, where the government would bear the burden of proof of establishing, by clear and convincing evidence, that Petitioner poses a danger to the community or a risk of flight." *Id.* at 2.

As an initial matter, the Court agrees with Respondents that Petitioner is still subject to detention under § 1225. Respondents direct the Court to 8 C.F.R. § 1003.39, which states: "*Except when certified to the [BIA]*, the decision of the Immigration Judge becomes final upon waiver of appeal or upon expiration of the time to appeal if no appeal is taken whichever occurs first." 8 C.F.R. § 1003.39 (emphasis added). The first clause suggests that an appeal of an IJ's decision renders it non-final. By contrast, Petitioner cites 8 C.F.R. § 1208.14(c)(1) for the premise that "when an Immigration Judge grants asylum, the regulations require the IJ to enter an order granting asylum and terminating removal proceedings," but the regulation says no such thing. *See* ECF No. 1 ¶ 30; ECF No. 5 at 3.

The Supreme Court also explained in *Jennings* that § 1225 mandates detention "throughout the completion of applicable proceedings and not just until the moment those proceedings begin," 583 U.S. at 302, suggesting that the basis of detention does not transform at different stages of the proceedings. *See Rashid v. Trump*, 807 F. Supp. 3d 349, 361–62 (D. Vermont 2025) (explaining that detention under § 1225(b) is mandatory pending government's appeal of asylum grant to BIA and collecting cases). The Court thus rejects Petitioner's argument that the grant of asylum necessarily dictates her release. Regardless, as Respondents concede, the Court concludes that Petitioner's detention has become prolonged, necessitating a bond hearing.

"Neither the Ninth Circuit nor the Supreme Court have provided guidance regarding the point at which an immigration detainee's prolonged mandatory detention becomes unconstitutional." *Amado v. United States Dep't of Just.*, 2025 WL 3079052, at *5 (S.D. Cal. Nov. 4, 2025) (citation omitted). However, "[n]early all district courts that have considered the issue agree that prolonged mandatory detention pending removal proceedings, without a bond hearing, will—at some point—violate the right to due process." *Singh v. Barr*, 400 F. Supp. 3d 1005 (S.D. Cal. 2019) (internal quotation marks and citations omitted) (collecting cases). In determining whether detention has become unreasonable, courts evaluate factors including "the total length of detention to date, the likely duration of future detention, and the delays in the removal proceedings caused by the petitioner and the government." *Lopez v. Garland*, 631 F. Supp. 3d 870, 879 (E.D. Cal. 2022).

Under the circumstances of this case—namely that an IJ granted Petitioner asylum—Petitioner's length of detention without a bond hearing, now almost six months in total and two months after the grant of asylum, weighs in Petitioner's favor. *See, e.g.*, *Zadvydas,* 533 U.S. at 701 (treating six months as a "presumptively reasonable period of detention" in a related context); *Amado*, 2025 WL 3079052, at *5 (noting that "[c]ourts have found detention over seven months without a bond hearing weighs toward a finding that it is unreasonable"). As to the likely duration of future detention, Respondents' appeal to the BIA may take months or years. *See Banda v. McAleenan*, 385 F. Supp. 3d 1099, 1119 (W.D. Wash. 2019); *Amado*, 2025 WL 3079052, at *5. And while Petitioner argues that Respondents' appeal to the BIA is groundless, *see* ECF No. 5 at 8, the Court makes no finding on whether they have engaged in bad faith. Any delay in removal proceedings is thus neutral, yet on balance of the factors, the Court concludes that Petitioner's detention has become unreasonably prolonged and Petitioner is entitled to a bond hearing.

///

///

## CONCLUSION

Based on the foregoing, the Court **GRANTS IN PART** the Petition for a Writ of Habeas Corpus (ECF No. 1), and **ORDERS** Respondents to provide Petitioner with an individualized bond hearing within fourteen (14) days before a neutral immigration judge in which the government bears the burden of establishing by clear and convincing evidence that Petitioner is a danger to the community or a flight risk if released. If no hearing occurs within fourteen days of this Order, Petitioner shall be released from Respondents' custody. The Court **DENIES** Petitioner's request for release from detention without prejudice but notes that if Respondents do not give Petitioner an adequate bond hearing, the Court may order release in the future. *See, e.g.*, *Singh v. LaRose*, 2026 WL 1387428, at *5–6 (S.D. Cal. May 18, 2026); *Perez Velasquez v. Bondi*, 2026 WL 1042479, at *6–7 (S.D. Cal. Apr. 16, 2026). The Parties **SHALL** file a Joint Status Report by August 28, 2026, informing the Court of the outcome of the hearing.[1]

**IT IS SO ORDERED.**

Dated: August 11, 2026

Jill A. Otake
United States District Judge

---

[1] Petitioner requested attorney's fees, related expenses, and costs pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412. *See* ECF No. 1 at 32. Petitioner's counsel may submit an appropriate EAJA fee application within 30 days of the issuance of this Order. *See* 28 U.S.C. § 2412(d)(1)(B).